IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. 12-cv-02473 (SRN/FLN) |
| Plaintiff, | |
| v. | |
| Applied Vacuum Technology, Inc., | **CONSENT DECREE** |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") has instituted this action by filing a complaint on or about September 26, 2012 (the "Complaint") against Defendant Applied Vacuum Technology, Inc. (hereinafter, "AVT") alleging that AVT discriminated against Larry Kating ("Kating") in violation of the Americans With Disabilities Act ("ADA") by discharging him because AVT regarded him as having a disability. AVT has denied and defended against the allegations that it engaged in any discrimination.

In reaching this Consent Decree, the EEOC and AVT, acting by and through their counsel, engaged in arms' length negotiations and agree that the entry of this settlement does not constitute an admission of the claims and defenses of the opposing party. Throughout this process, the EEOC and AVT were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is:

ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## I.    JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

## II.   FINDINGS

A.    The purposes of the ADA and the public interest will be furthered by the entry of this Decree.

B.    The terms of this Decree constitute a fair and equitable settlement of this action.

C.    The terms of this Consent Decree were reached by a process of negotiation and compromise.

## III.  SCOPE

The EEOC agrees that it will not bring any further claim against AVT based on the charge underlying this lawsuit, and that this Decree constitutes a complete resolution of EEOC Charge No. 444-2009-00599.  Further, by entering into this Decree the parties intend to resolve all claims of discrimination that were or could have been alleged against AVT in the Complaint relating to Kating's employment and discharge, but the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

**IV.     TERM**

    A.     The Term of this Decree and all obligations hereunder shall be five (5) years from the Effective Date hereof.  The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

    B.     During the term of the Consent Decree, the Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

**V.     INJUNCTION**

    A.     AVT and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from terminating or otherwise discriminating against an employee based on the belief that the employee's physical or mental impairment prevents him from performing the essential functions of his job without engaging in an interactive process to determine whether a reasonable accommodation would permit the employee to perform those functions.

    B.     AVT and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from terminating an employee based on a concern that the employee, because of a physical or mental impairment, poses a direct threat to himself or others where AVT cannot establish through objective, medically supportable methods that there is significant risk that substantial harm could occur in the workplace.

C.  AVT and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## VI.   POLICIES AND TRAINING

A.   Within six months after the Effective Date hereof, AVT will have prepared an employee handbook containing its workplace policies.  It will include the workplace policy regarding the consequences of not reporting into work daily; the policy on workplace discrimination and harassment; and the policy regarding the procedure for requesting a reasonable accommodation for a disability.  It will assure that these policies comply with the statutes against employment discrimination.

B.   Within thirty (30) days of the completion of the employee handbook, as set forth in VI.A, AVT will have an all-employee meeting to explain the policies in the handbook.  AVT will provide all new hires with a copy of the handbook.  Once annually thereafter, for the term of this Decree, AVT will remind its employees of the policies in its handbook, either by holding a training session on them, circulating a physical copy of the handbook, or emailing or posting the handbook online in a manner that assures that all employees have access to the handbook.

C.   On an annual basis, AVT will train all of its personnel on the law against discrimination on the basis of disability.  The training shall also include information

about federal law prohibitions on retaliation against employees for participation in protected activity.  The training may also include information about other laws prohibiting discrimination and harassment in the workplace and about AVT's workplace policies.  An agenda for the training, training materials, and the resumes relating to the presenters, will be provided to the EEOC at least 30 days before the training.  The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, the agenda and the materials until a week before the training.  The first training session shall last no less than two hours; the component relating to disability discrimination may not last less than 30 minutes.  The subsequent training sessions shall last no less than one hour, with the component relating to disability discrimination not lasting less than 20 minutes.

      D.     The EEOC shall be notified of the time and date of each scheduled training session and one EEOC representative will be entitled to attend all training sessions held pursuant to this Decree as a silent observer.

      E.     At the beginning of each training session held under this Decree, the AVT president or Chief Executive Officer shall introduce the trainer and state that AVT takes its obligations under all EEO laws and prohibitions seriously.  Also at this time, the same individual shall also state AVT's policy of non-retaliation for individuals who oppose acts made unlawful by federal EEO laws and individuals who participate in protected activity under federal EEO laws.

**VII.  POSTING TO EMPLOYEES**

    A.  AVT shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

    B.  AVT shall post the Notice attached as Exhibit A in each of its facilities. Such notices shall be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree.  AVT shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

**VIII.  RECORDKEEPING AND REPORTING**

    A.  AVT will comply with all recordkeeping obligations under the laws prohibiting discrimination.  AVT will review and, as necessary, revise any document retention policies, human resources policies, or employee materials that allow for or require relevant documents to be destroyed before the period permitted by the recordkeeping provisions of laws prohibiting discrimination or this Consent Decree.

    B.  For the duration of this Decree, AVT shall document, and retain all documents associated with, any complaint of discrimination on the basis of disability whether or not such complaint results in the filing of a charge of discrimination.

    C.  On an annual basis during the term of this Decree, AVT shall submit to the EEOC a certification of compliance with this Decree, including that it maintains an employee handbook, has reviewed its workplace policies, revised any policies inconsistent with ADA, and it has conducted the training of its personnel as required by this Decree.  After the first report to the EEOC, AVT's subsequent annual reports shall

document any further revisions or changes to its workplace policies and describe how such revisions are consistent with ADA.

D. On an annual basis, AVT shall provide the EEOC with a list of all complaints of discrimination made against it on the basis of disability made during that period with a description of the allegation made, including: (1) the name of the complaining party; (2) a description of the facts of the complaint; and (3) a description of AVT's actions in response to the complaint. Upon the EEOC's request, AVT shall make the underlying documents or records available to the EEOC within ten days of request.

## IX. MONETARY REMEDY

A. AVT agrees to pay $50,000 (the "Settlement Amount") to Kating in resolution of this matter. The Settlement Amount shall be paid as follows:

1. within thirty (30) days after the Effective Date hereof, AVT shall pay Kating $16,666.00;
2. within sixty (60) days after the Effective Date hereof, AVT shall pay Kating $16,666.00;
3. within ninety (90) days after the Effective Date hereof, AVT shall pay Kating $16,668.

B. The above amounts shall be paid by business check, with each check made out to Larry W. Kating, and shall be mailed to Kating by U.S. Mail postmarked on or before the date listed above, to the following address: 9285 Highway 12E, Delano, MN 55328.

C. These settlement proceeds are allocated as non-wage loss, and AVT must issue a 1099 Statement to Kating for the payment of the Settlement Amount to facilitate his payment of any applicable taxes.

7

  D. AVT shall provide notice to the EEOC of each payment to Kating by mailing to counsel for the EEOC in the instant lawsuit, via U.S. Mail, copies of the checks, statements and/or 1099's showing the payment.

  E. Kating's execution of the release attached as Exhibit B will be a condition precedent of his receipt of relief under this Decree.

## X. NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant AVT. Defendant, and any successors of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effective date of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XI. DISPUTE RESOLUTION

The EEOC will give AVT fifteen (15) business days' notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree. If AVT has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

**XII.   COMPLIANCE REVIEW**

The EEOC may review AVT's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to AVT's attorney of record at least ten (10) business days in advance of any inspection of AVT's documents or premises.  Upon such notice, AVT shall allow representatives of the EEOC to review AVT's compliance with this Decree by inspecting and photocopying relevant, nonprivileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

**XIII.   COSTS AND ATTORNEYS FEES**

Each party shall bear that party's own costs and attorney's fees.

**XIII.   COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts. A facsimile signature or an e-mail of a scanned signature shall have the same force and effect as an original signature or copy thereof.

**XIV.   EXPIRATION OF CONSENT DECREE**

The Court's jurisdiction over this matter will end five (5) years after the entry of this Consent Decree, provided that AVT has complied substantially with the terms hereof. AVT will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that AVT has failed to comply with any of the terms of this Decree, and there is no pending motion to the Court for any findings and orders that AVT failed to comply with any of the provisions of this Decree at the end of this term.

**By the Court:**

**IT IS SO ORDERED.**


Dated:  April 12, 2013                               s/Susan Richard Nelson
                                                     Susan Richard Nelson
                                                     United States District Judge

| | |
|---|---|
| APPLIED VACUUM TECHNOLOGY, INC. | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| | |
|     s/ Daniel Korolchuk<br>By: _____<br>    President | P. David Lopez<br>General Counsel<br><br>James L. Lee<br>Deputy General Counsel<br><br>131 M Street, NE, 5th Floor<br>Washington, D.C. 20507<br><br><br>s/John C. Hendrickson<br>_____<br>John C. Hendrickson<br>Regional Attorney<br><br>s/Jean P. Kamp<br>_____<br>Jean P. Kamp<br>Associate Regional Attorney<br><br>Chicago District Office<br>500 West Madison Street, Suite 2000<br>Chicago, Illinois 60661<br>(312) 869-8116<br><br><br>s/Laurie A. Vasichek<br>_____<br>Laurie A. Vasichek (#0171438)<br>Jessica A. Palmer-Denig (#0298281)<br>Trial Attorneys<br><br>Minneapolis Area Office<br>330 Second Avenue South, Suite 720<br>Minneapolis, Minnesota 55401<br>Telephone: (612) 335-4061<br>Facsimile: (612) 335-4044<br><br>ATTORNEYS FOR PLAINTIFF |

11

[AVT LETTERHEAD]

# EXHIBIT A

# NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against Applied Vacuum Technology, Inc. ("AVT"), alleging that AVT discharged Larry Kating because it regarded him as having a disability.

Federal law prohibits employers from discriminating against employees based on their disability. The Consent Decree resolving this lawsuit provides for a monetary payment to Kating, and requires training for AVT personnel on the Americans with Disabilities Act and other non-monetary relief.

AVT has agreed to and shall comply with Federal law that prohibits discrimination against any employee or applicant for employment because of the individual's disability.

AVT also agrees that it will not retaliate against any person who opposes a practice made unlawful under the ADA, who filed a charge of discrimination under the ADA, or who participated in proceedings or asserted rights under the ADA or under the Consent Decree.

If you have a question about this matter, you should contact the Minneapolis office of the EEOC at 612-335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

Daniel Korolchuk, President
Applied Vacuum Technology, Inc.

## EXHIBIT B

## RELEASE AND WAIVER

In consideration for $50,000 paid by Applied Vacuum Technology, Inc. in connection with the resolution of *EEOC v. Applied Vacuum Technology, Inc.,* Civil No. 12-02473 SRN/FLN, I waive the right to recover for any claims of discrimination under the Americans With Disabilities Act that were the subject of the EEOC lawsuit.

Date: _____  Signature: _____
                                                    Larry Kating